## McNulty's Estate.

*Decedent's estate—Audit—Appeals—Compensation for services—Executors and administrators.*

1. Where two persons have, at the audit of an administrator's account, presented separate and distinct claims for services rendered in selling the real and personal estate of the decedent, each claiming to have sold the property and to be entitled to compensation, it being conceded, however, that there was no privity of contract between them, a decree in favor of either should be separate and not joint, and if there are ample funds to meet any claim the court might allow, one of the parties has no standing to attack the other's claim, or appeal from a decree allowing it.

2. In such case on appeal by one claimant from the allowance of the claim of the other, the administrator has no standing to contest the claim, where such administrator has not taken the proper legal steps to contest the claim by appealing from the decree.

3. An award of a lower court of a sum deemed sufficient compensation for services found to have been performed in behalf of a decedent's estate will not be disturbed save for manifest error.

Argued Oct. 21, 1910. Appeal, No. 182, Oct. T., 1910, by S. E. Kingsley, from decree of O. C. Allegheny Co., April T., 1910, No. 129, dismissing exceptions to adjudication In re First Account of the Colonial Trust Company of Pittsburg, administrator d. b. n. c. t. a. of Estate of P. J. McNulty, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, J.
The opinion of the Supreme Court states the facts.

*Errors assigned* were in dismissing exceptions to adjudication.

*Thomas Watson*, with him *Geo. R. Wallace*, for appellant.

*A. M. Neeper* for C. M. Johnston, appellee.

*Thomas M. Benner*, with him *Frank P. Patterson* for Colonial Trust Company, appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1911:

R. M. Gulick and the McNulty estate owned certain real estate in the city of Pittsburg known as the Bijou Theater property. It was heavily incumbered by mortgage and tax liens amounting to more than $500,000. The property was sold and the proceeds of McNulty's interest therein as well as the proceeds of certain personal property on the premises constitute the fund for distribution. Stair & Havlin bought the property for themselves and others who had formed a pool for the purpose of making the purchase. The interest of McNulty was sold at private sale by order of the orphans' court.

C. M. Johnston and S. E. Kingsley each presented claims to the auditing judge for commissions or compen-

sation for having made the sale of the property. The claims were allowed by the orphans' court, but Kingsley being dissatisfied with the amount awarded him has taken this appeal. One or more of his assignments allege error in the court allowing compensation to Johnston, and other assignments allege error in not allowing Kingsley's claim to compensation in full. Johnston filed a motion to quash the appeal so far as the same relates to the decree of the court awarding him compensation for services rendered the estate in making the sale. Neither the estate nor any creditor has appealed from the decree allowing Johnston's claim.

We think the motion to quash must prevail. Kingsley's claim against the estate for services rendered in procuring the sale of the property to Stair & Havlin amounted to $11,770. Of this claim the court allowed $2,500. Johnston's claim for similar services was allowed to the amount of $5,000. The amount allowed Johnston and Kingsley's entire claim aggregate $16,770. As appears by the decree entered by the court below, there is yet in the hands of the accountant, undistributed and subject to the auditing judge's control, the sum of $70,266.17. If Kingsley is entitled to any compensation in addition to that awarded him by the orphans' court, there are still funds in the hands of the accountant amply sufficient to pay the claim.

Johnston and Kingsley presented separate and distinct claims for services rendered in selling the McNulty real and personal estate. Each contends that he sold the property and is entitled to compensation for his services. It is conceded by Kingsley that there is no privity of contract between him and Johnston, and that their rights to compensation, if any, are several and not joint, but independent of each other. If, therefore, either was entitled to be remunerated for his services, he was entitled to a separate, and not a joint decree in his favor.

Before a party has the right to appeal, he must be aggrieved by the decree that is entered. If he is not ag-

grieved, he is not affected or injured and, hence, has no standing to complain. Under the circumstances of this case, it is apparent, we think, that Kingsley was not aggrieved or injured by the decree allowing compensation to Johnston. His right to compensation does not depend upon Johnston's claim against the estate for services in the sale of the property. If he rendered services to the estate in making the sale and satisfied the court that he was entitled to compensation therefor, a decree should have been entered for him, regardless of any claim which Johnston may have against the estate for similar services. It by no means follows that if Johnston is entitled to compensation for assisting in the sale of the property, that Kingsley did not also aid in making the sale and was entitled to compensation for services rendered the estate. The claims of Johnston and Kingsley were separate and distinct and whether either or both should be allowed depended upon the ability of each party to support his claim by proper testimony. Kingsley is not injured by the allowance of Johnston's claim. As already observed, there are funds undistributed in the hands of the accountant ample to meet any claim which the court may award as compensation to Kingsley. He, therefore, has no standing to attack Johnston's claim or appeal from the decree which allows it. So far as this appeal alleges error in awarding Johnston's claim it is quashed.

The administrator has filed a paper-book in which the claims of Johnston and Kingsley are attacked and in which we are asked to reject both claims. Unfortunately for the administrator, it has no standing in this court to attack either claim. Until the contrary appeared in its paper-book, it seems to have been satisfied with the amounts awarded each of the two claimants. It has not taken an appeal and, therefore, it cannot contest the claims here. The only appellant and party who can be heard in this court is Kingsley who has appealed from the decree of the court below in refusing to allow him sufficient compensation for his services in selling the Bijou property. It

must be conceded that the argument of the administrator against Johnston's claim is not without force but as it has not taken the proper legal steps to contest the claim by appealing from the decree, we are not in a position to either hear or heed the argument. Whether, therefore, Johnston is entitled to any commission or compensation for services rendered in selling the Bijou property we are not called upon to determine and, therefore, do not decide. The administrator occupies the same position in regard to Kingsley's claim. By its failure to appeal, it admits that it is satisfied with the decree.

Kingsley alleges that he is entitled for his services to two per cent commission amounting to $11,770. The learned court below awarded him $2,500. We have examined the testimony, and had we been the auditing judge the decree might have been different. The orphans' court, however, has found the facts and unless we reverse its findings we must sustain the decree. We are not convinced of manifest error in the court's findings and, therefore, Kingsley's appeal cannot be sustained.

As found by the auditing judge, "efforts to effect a sale or mortgage (of the Bijou property) for the purpose of paying debts seem to have been carried on for a long time by various persons, some with, and others without any claim or authority." Prior to Kingsley's attempt to make a sale, it was generally understood that the property was heavily incumbered and would have to be sold. Other persons than he had brought the property to the attention of parties who would likely purchase. It may fairly be found from the evidence that it was not Kingsley's efforts alone that finally secured a purchaser for the property. Johnston had preceded him and had found a purchaser whose bid was not accepted by the court. Stair & Havlin's bid for the property exceeded it by $5,000 and a sale to them was confirmed. The principal service rendered by Kingsley was in calling Davis's attention to the property. He failed to make a sale to Shubert Brothers and, as found by the court, he was not

personally in contact with Stair & Havlin or with Gulick or Shubert Brothers or the other parties at the time the sale was consummated. In fact, Mr. Davis advised Kingsley not to be present at the conferences held by these parties when they were considering the purchase of the property. Kingsley may have been informed of what was taking place in the conference resulting in the sale, but he did not participate therein or aid in securing the conclusion to purchase. In fact, the court distinctly finds that the offer of the increased price and better terms for the estate was suggested by Mr. Davis. The latter had a business reason for trying to control the sale and to prevent a competing bidder from acquiring the property. Mr. Kingsley's efforts through Mr. Davis resulted in increasing the Nirdlinger bid $5,000. For this service and certain advantages to the estate the court below awarded what it deemed sufficient compensation for the services rendered. The appellant has not convicted the court of clear error in its findings and the conclusions based thereon, and, therefore, the assignments, other than those alleging error in allowing Johnston's claim, are overruled and the decree is affirmed.